CLIFTON, Circuit Judge,
concurring:
I concur completely in the disposition. Nonetheless, I write separately to express concern regarding the district court’s decision to enter this judgment as final under Rule 54(b). That was problematic.
Rule 54(b) explicitly provides that the court may direct entry of a final judgment of fewer than all claims or parties “only if the court expressly determines that there is no just reason for delay.” There was no such determination here.
More broadly, it is not obvious why there was no just reason for delay in entering a final judgment as to this element of the case, or, alternatively, what reason there was to certify this case for interlocutory appeal. This appears to be a routine insurance dispute raising claims whose partial adjudication is likewise routine. Entering a Rule 54(b) final judgment promoted a disfavored piecemeal appeal. See Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Adjudicating the bad faith and negligence per se claims in this appeal does not guarantee that we will not be faced with another appeal on the remaining contract claim. Indeed, allowing the contract claim to proceed at the district court might have resulted in a settlement, obviating the need for an appeal altogether. It is doubtful that the interests of judicial administration were served by this appeal. See Wood v. GCC Bend, LLC, 422 F.3d 873, 881 (9th Cir. 2005). At a minimum, the district court failed to provide an explanation that we could consider.
In addition, the district court’s -order reflects an incomplete understanding of how appeals in pending cases are to be brought. In response to a motion, the district court both entered judgment under Rule 54(b) and granted permission to file an interlocutory appeal under 28 U.S.C. § 1292(b). Rule 54(b) and section 1292(b) provide alternative, non-overlapping bases for appeal. See James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). The district court did not distinguish between these two grounds when entering its order and judgment of dismissal, and it did not explain its reason for either. We have treated the judgment as final, and that makes sense at this point for reasons of efficiency and simplicity, but this is not a course that should be repeated in the future.